**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JAMES MCALPHIN
ADC #88328**                                                                                              **PLAINTIFF**

v.                             Case No. 5:15-cv-00214-KGB-JTK

**DOES,** *et al*.                                                                                        **DEFENDANTS**

**ORDER**

The Court has reviewed the Proposed Findings and Recommendations ("Recommendation") filed by United States Magistrate Jerome T. Kearney (Dkt. No. 39). Plaintiff James McAlphin has filed an objection to the Recommendation (Dkt. No. 40). Defendant the United States of America requested leave to file a response to Mr. McAlphin's objection (Dkt No. 41), and Judge Kearney granted that motion (Dkt. No. 42). The United States of America then filed a response (Dkt No. 43) to which Mr. McAlphin replied (Dkt. No. 44). Since that time, separate defendants Kidd Campbell and Dennis Cornes have filed a motion for summary judgment (Dkt. No. 68), and Mr. McAlphin has filed a series of motions (Dkt. No. 74, 76). This Court construes these remaining pending motions as unrelated to the claim at issue in the Recommendation currently before the Court (Dkt. No. 39). The Court makes no finding in this Order as to the remaining pending motions.

At issue in the operative Recommendation is Mr. McAlphin's claim under the Federal Tort Claims Act ("FTCA") that he was injured on September 30, 2013, when he was transported by Arkansas Department of Correction officers to the federal building in Fayetteville, Arkansas, where he was scheduled to testify as a witness in a court proceeding (Dkt. No. 1). The Court writes separately to address Mr. McAlphin's objections. Judge Kearney determined that the Court lacked subject matter jurisdiction under FTCA because Mr. McAlphin did not exhaust his

administrative remedies before pursuing litigation in this case (Dkt. No. 15, at 3-4). Specifically, defendants claim, and Judge Kearney recommends a finding that, Mr. McAlphin did not file an administrative tort claim with the United States Marshal Service prior to filing this lawsuit. Defendants state that the administrative claim is a jurisdictional prerequisite to the filing of a suit pursuant to the FTCA, and that Mr. McAlphin bears the burden of proving he filed such a claim (Dkt. No. 31, at 2). This Court agrees with those assertions. *See* 28 U.S.C. § 2675(a); *Mader v. United States*, 654 F. 3d 794, 798 (8th Cir. 2011)(*en banc*); *Walker v. United States*, 176 F. 3d 437, 438 (8th Cir. 1999); *Daniels v. United States*, 135 Fed. Appx. 900, 2005 WL 1404770 (8th Cir. 2005).

Consequently, Judge Kearney recommends that defendants' motion to dismiss be granted. Mr. McAlphin's objections, however, contend that he did file an administrative tort claim with the United States Marshals Office before filing this lawsuit (Dkt. No. 37). Mr. McAlphin contends that Judge Kearney construed this filing as a brief restating Mr. McAlphin's allegations, when, Mr. McAlphin asserts, in reality it is a copy of the Federal Tort Claim that was submitted to the Marshals Office (Dkt No. 40, at 1). In response, defendants have put into the record an affidavit from Clifton T. Massanelli, a United States Marshal for the Eastern District of Arkansas, stating that the Marshals Office never received any such claim from Mr. McAlphin (Dkt No. 43, ¶ 5).

For purposes of the Court's analysis, a claim shall be deemed to have been presented "when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages...." 28 C.F.R. § 14.2(a). In this case, an executed Standard Form 95 is not at issue, as Mr. McAlphin claims this was unavailable to him.

At the motion to dismiss stage, because the gravamen of the motion to dismiss is subject matter jurisdiction, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States,* 918 F.2d 724, 730 (8th Cir. 1990). Thus, when considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Id.* In addition, the court can make credibility determinations and weigh conflicting evidence. *T.L. ex. rel. Ingram v. United States*, 443 F. 3d 956, 961 (8th Cir. 2006).

At issue now is the fact that Mr. McAlphin states that he mailed a claim to the Marshals Office before filing suit, and defendants claim that the Marshals Office never received this claim—the implication being that it was never mailed. The Court construes this as a credibility determination. The Court notes that, in his complaint, Mr. McAlphin states that he filed something with the Marshals Office, but he does not include a copy of the purported claim that he mailed, even though the complaint instructs that failure to attach the required copies of the grievance procedure to the complaint may result in the dismissal of his case (Dkt. No. 1, at 2).

The Eighth Circuit Court of Appeals has held that the plaintiff in a FTCA action bears the burden of proof to show that presentment was properly made. *Bellecourt v. United States,* 994 F.2d 427, 430 (8th Cir. 1993), *cert. denied,* 510 U.S. 1109 (1994). "The FTCA is a limited waiver of sovereign immunity which requires compliance with the conditions enacted by Congress. These conditions are construed narrowly and include the requirement that before filing an FTCA action the claimant 'present' an administrative claim requesting a sum certain in damages to the appropriate federal agency and that the claim be finally denied." *Id.* (citing 28 U.S.C. § 2675(a)). A claim brought pursuant to the FTCA may be properly dismissed for inadequate presentment if a plaintiff fails to show that the government actually received the

claim. *Id.* Proof that a claim was sent to a government agency does not constitute proof that the claim was received for presentment purposes. Receipt requires a separate showing. *See Moya v. United States,* 35 F.3d 501, 504 (10th Cir. 1994) (plaintiff's counsel's affidavit stating that claim was mailed to Department of Veterans Affairs was insufficient to show receipt); *Rhodes v. United States,* 995 F.2d 1063, *2 (4th Cir. 1993) (plaintiff's counsel's failure to prove receipt of FTCA claim sent via first-class mail was insufficient to show presentment); *Drazan v. United States,* 762 F.2d 56, 58 (7th Cir. 1985) ("[M]ailing is not presenting; there must be receipt."); *Bailey v. United States,* 642 F.2d 344, 347 (9th Cir. 1981) (plaintiffs' counsel's mailing of FTCA claim to the Air Force by regular mail, rather than by certified or registered mail, was insufficient to prove receipt); *Polk v. United States*, 709 F.Supp. 1473, 1474 (N.D. Iowa 1989) (in an action against the United States Postal Service the district court determined that, even if plaintiff's allegation that he mailed a request was accepted as true, that fact would not prove receipt).

Based upon the foregoing case law and the record currently before the Court, even if the Court credits Mr. McAlphin's representations, Mr. McAlphin placing his alleged FTCA claim in a mailbox is not sufficient to show that the claim was received by the Marshals Office. *See Wheeler v. United States of America*, 2013 WL 6048761, at *2 (W.D. Ark. 2013), *aff'd*, 571 F. App'x 504 (8th Cir. 2014). This Court finds that Mr. McAlphin has not met his burden of establishing subject matter jurisdiction in this case because he has not shown that the proper federal agency received his claim under the FTCA before he filed this lawsuit.

Mr. McAlphin alleges that his FTCA claim accrued on September 30, 2013, and this Court concludes that he failed to exhaust properly his administrative remedies prior to filing suit in this case on July 6, 2015 (Dkt. No. 1). Federal law makes clear that a tort claim against the United States is barred unless it is properly presented in writing to the appropriate agency within

two years of accrual. Therefore, Mr. McAlphin's FTCA claims are dismissed with prejudice. *Wheeler*, 2013 WL 6048761, at *3.

Accordingly, after careful review of the Recommendation, the timely objections, the response and reply to the objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

Accordingly, it is so ordered that:

1. The Recommendation is approved and adopted (Dkt. No. 39).

2. Defendant United States of America's motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted (Dkt. No. 30).

3. Mr. McAlphin's FTCA claims are dismissed with prejudice.

So ordered this 29th day of September, 2016.

_____
Kristine G. Baker
United States District Judge