IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES MCALPHIN
ADC #88328                                                                                          PLAINTIFF

v.                              Case No. 5:15-cv-00214-KGB-JTK

DOES, *et al*.                                                                                   DEFENDANTS

## ORDER

The Court has reviewed the Proposed Findings and Recommendations ("Recommendations") filed by United States Magistrate Jerome T. Kearney (Dkt. Nos. 80, 89). Plaintiff James McAlphin has filed an objection to the first Recommendation, and defendants have filed an objection to the second Recommendation (Dkt. Nos. 84, 93).

### I.     First Recommendation

At issue in the first Recommendation (Dkt. No. 80) is Mr. McAlphin's claim in his motions for injunctive relief alleging that co-workers of defendants Campbell and Cornes are withholding his mail, that staff have refused to process his parole plan after he made parole in March 2016, and that he has been issued a "bogus" disciplinary charge which resulted in his reduction in class (Dkt. Nos. 74, 76). He also claims that he suffered a heart attack on August 16, 2016, and that medical personnel told him they would let him die. Mr. McAlphin asks that the Court order that he be provided medical treatment and transferred to another unit. Judge Kearney recommends a finding that the motions for injunctive relief be denied.

The Court writes separately to address Mr. McAlphin's objections. Judge Kearney determined that Mr. McAlphin provided no evidence of a threat of irreparable harm to support a hearing under *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Judge Kearney also found that Mr. McAlphin provided no evidence that defendants had interfered

with his mail, or somehow caused others to interfere with his mail, or that he faced irreparable harm if the Court did not grant his motion for injunctive relief. Judge Kearney also noted that Mr. McAlphin asserted no proof of retaliation by defendants and does not have a constitutional right to parole. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 9-11 (1979).

Consequently, Judge Kearney recommends that this Court deny Mr. McAlphin's motions for injunctive relief (Dkt. Nos. 74, 76). Mr. McAlphin's objections, however, contend that the *Dataphase* factors show that he is entitled to injunctive relief (Dkt. No. 84). This Court disagrees with Mr. McAlphin's assertion and finds that he has not satisfied his burden under the Eighth Circuit-mandated *Dataphase* factors to show that he is entitled to any injunctive relief. 640 F.2d at 109, 113.

Accordingly, after careful review of the first Recommendation (Dkt. No. 80), the timely objections, and a *de novo* review of the record, the Court concludes that the first Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects. Mr. McAlphin's motions for injunctive relief, whether considered motions for temporary restraining order or preliminary injunction, are hereby denied (Dkt. Nos. 74, 76).

**II.    Second Recommendation**

Also before the Court is the second Recommendation recommending that this Court grant in part and deny in part the motion for summary judgment filed by defendants Campbell and Cornes (Dkt. No. 89). Defendants have filed an objection to the second Recommendation (Dkt. No. 93).

Judge Kearney recommends granting in part the motion for summary judgment filed by defendants Campbell and Carnes as to Mr. McAlphin's monetary claims against them in their

official capacities and denying in part the motion as to Mr. McAlphin's monetary claims against them in their individual capacities (Dkt. No. 89).

The Court writes separately to address defendants' objections to the second Recommendation (Dkt. No. 93). Defendants state that when considering qualified immunity, "the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)." (Dkt. No. 93, at 1-2 (quoting Dkt. No. 89, at 5)). Defendants claim that Judge Kearney failed to conduct an analysis of either of those prongs and that, based on the undisputed facts, Mr. McAlphin failed to establish either prong (Dkt. No. 93, at 2-3).

To sustain a claim for an Eighth Amendment violation, a plaintiff must prove that defendants were deliberately indifferent to a serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In other words, Mr. McAlphin must show: (1) that he suffered objectively serious medical needs, and (2) that Sergeant Carnes actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Sergeant Carnes must have both been aware of Mr. McAlphin's serious medical condition and drawn the inference that a substantial risk of serious harm existed. *Farmer*, 511 U.S. at 837.

Judge Kearney found that "accepting [Mr. McAlphin's] version of facts as true, a dispute of material fact exists as to whether a reasonable person in the Defendants' positions would have left [Mr. McAlphin] unattended, without food, for the length of time at issue, and whether, after being informed of his condition, they would have attempted to seek medical attention for [Mr. McAlphin]. In addition, several questions remain unanswered which the Court finds necessary to

3

determining this case. These include whether the Defendants were under an obligation to inquire about [Mr. McAlphin's] medications and/or medical condition prior to transporting him, whether their duties included monitoring [him] while in the Fayetteville courthouse cell, whether Defendants should have arranged for [Mr. McAlphin] to receive lunch at a reasonable time, and whether medical care for [Mr. McAlphin] was accessible and/or necessary prior to their return trip to the East Arkansas Regional Unit." (Dkt. No. 89, at 7).

The Court examines the second Recommendation based on the record that existed at the time Judge Kearney reviewed the motion for summary judgment and issued the second Recommendation. The Court will not consider supplements to the factual record tendered by defendants at this stage of the proceedings. This Court agrees that a dispute of material fact existed at the time the second Recommendation was issued as to Mr. McAlphin's Eighth Amendment claim against defendants Campbell and Carnes in their individual capacities. Accordingly, after careful review of the second Recommendation (Dkt. No. 89), the timely objections, and a *de novo* review of the record, the Court concludes that the second Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects. Defendants' motion for summary judgment is granted in part, as to Mr. McAlphin's monetary claims against them in their official capacities, and denied in part, as to Mr. McAlphin's monetary claims against them in their individual capacities (Dkt. No. 68).

### III. Conclusion

For the foregoing reasons, the Court approves and adopts both Recommendations in their entirety as this Court's findings in all respects (Dkt. Nos. 80, 89). The Court denies Mr. McAlphin's motions for injunctive relief (Dkt. Nos. 74, 76). The Court grants in part defendants' motion for summary judgment, as to Mr. McAlphin's monetary claims against them in their

4

official capacities, and denies the motion in part, as to Mr. McAlphin's monetary claims against them in their individual capacities (Dkt. No. 68).

So ordered this 28th day of March, 2017.

_____
Kristine G. Baker
United States District Judge